**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

Docket No.:_____

──────────────────────────────────────

CARLOS BELLO RODRIGUEZ and
RAMONA DEL CARMEN BRICEÑO ZAPATA,

                    Plaintiffs,                    **COMPLAINT**

      **-**against-                      Plaintiffs demand a trial by jury

DELTAX LTD.,
GENSCO EQUIPMENT (1990) INC., and
GENSCO AMERICA, INC.,

                    Defendants.

──────────────────────────────────────

        CARLOS BELLO RODRIGUEZ and RAMONA DEL CARMEN BRICEÑO ZAPATA,

by their attorneys GREGORY J. CANNATA & ASSOCIATES, LLP allege as follows:

### JURISDICTION AND PARTIES

        1.      At all times herein, plaintiffs CARLOS BELLO RODRIGUEZ and RAMONA

DEL CARMEN BRICEÑO ZAPATA are citizens of the State of New York, County of Kings.

        2.      At all times herein, defendant DELTAX LTD. (hereinafter "DELTAX") is a citizen

of the United Kingdom with a principal place of business in Hampshire, England.

        3.      At all times herein, defendant GENSCO EQUIPMENT (1990) INC. (hereinafter

"GENSCO EQUIPMENT") is a citizen of the country of Canada with a principal place of business

in Toronto, Canada.

        4.      At all times herein, defendant GENSCO AMERICA, INC. (hereinafter "GENSCO

AMERICA") is a citizen of the State of Georgia with a principal place of business in Decatur,

Georgia.

5.      At all times herein mentioned, pursuant to 28 USC §1332, this is a civil action where the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interests and costs, and every issue of law and fact herein is wholly between citizens of different states and foreign countries.

6.      At all times herein, DELTAX is a foreign corporation, duly organized and existing under the laws of the United Kingdom.

7.      At all times herein, DELTAX maintains its principal place of business in Hampshire, England.

8.      At all times herein mentioned DELTAX, its servants, agents, distributors, representatives and/or employees transacted business and/or contracted to provide goods and/or services in the State of New York, and this action arises out of such transaction of business within the State of New York.

9.      At all times herein mentioned DELTAX, its servants, agents, distributors, representatives and/or employees solicited business in the State of New York.

10.      At all times herein mentioned DELTAX derived substantial revenue from goods used or consumed or services rendered in the State of New York.

11.      At all times herein mentioned DELTAX, its servants, agents, distributors, representatives and/or employees expected or should reasonably have expected its acts and business activities to have consequences within the State of New York.

12.      At all times herein mentioned DELTAX, derived substantial revenue from interstate or international commerce.

13.     At all times herein mentioned, DELTAX, its servants, agents, distributors, representatives and/or employees designed the Deltax Cable Stripper CSX 2010 (hereinafter "Cable Stripper").

14.     At all times herein mentioned, DELTAX, its servants, agents, distributors, representatives and/or employees manufactured the Cable Stripper.

15.     At all times herein mentioned, DELTAX, its servants, agents, distributors, representatives and/or employees assembled the Cable Stripper.

16.     At all times herein mentioned, DELTAX, its servants, agents, distributors, representatives and/or employees distributed the Cable Stripper.

17.     At all times herein mentioned, DELTAX, its servants, agents, distributors, representatives and/or employees sold the Cable Stripper.

18.     At all times herein mentioned, DELTAX, its servants, agents, distributors, representatives and/or employees repaired the Cable Stripper.

19.     At all times herein mentioned, DELTAX, its servants, agents, distributors, representatives and/or employees placed the Cable Stripper in the chain of commerce.

20.     At all times herein mentioned, DELTAX, its servants, agents, distributors, representatives and/or employees tested the Cable Stripper.

21.     At all times herein mentioned, DELTAX, its servants, agents, distributors, representatives and/or employees inspected the Cable Stripper.

22.     At all times herein mentioned, DELTAX, its servants, agents, distributors, representatives and/or employees marketed the Cable Stripper.

23.     At all times herein mentioned, DELTAX, its servants, agents, distributors, representatives and/or employees designed, manufactured, and sold the Cable Stripper to plaintiff's employer that caused plaintiff to be injured in the State of New York.

24.     At all times herein, GENSCO EQUIPMENT is a foreign corporation, duly organized and existing under the laws of the country of Canada.

25.     At all times herein, GENSCO EQUIPMENT maintains its principal place of business in Toronto, Canada.

26.     At all times herein mentioned GENSCO EQUIPMENT its servants, agents, distributors, representatives and/or employees transacted business and/or contracted to provide goods and/or services in the State of New York, and this action arises out of such transaction of business within the State of New York.

27.     At all times herein mentioned GENSCO EQUIPMENT, its servants, agents, distributors, representatives and/or employees solicited business in the State of New York.

28.     At all times herein mentioned GENSCO EQUIPMENT derived substantial revenue from goods used or consumed or services rendered in the State of New York.

29.     At all times herein mentioned GENSCO EQUIPMENT, its servants, agents, distributors, representatives and/or employees expected or should reasonably have expected its acts and business activities to have consequences within the State of New York.

30.     At all times herein mentioned GENSCO EQUIPMENT derived substantial revenue from interstate or international commerce.

31.     At all times herein mentioned, GENSCO EQUIPMENT, its servants, agents, distributors, representatives and/or employees designed the Cable Stripper.

32.    At all times herein mentioned, GENSCO EQUIPMENT, its servants, agents, distributors, representatives and/or employees manufactured the Cable Stripper.

33.    At all times herein mentioned, GENSCO EQUIPMENT, its servants, agents, distributors, representatives and/or employees assembled the Cable Stripper.

34.    At all times herein mentioned, GENSCO EQUIPMENT, its servants, agents, distributors, representatives and/or employees distributed the Cable Stripper.

35.    At all times herein mentioned, GENSCO EQUIPMENT, its servants, agents, distributors, representatives and/or employees sold the Cable Stripper.

36.    At all times herein mentioned, GENSCO EQUIPMENT, its servants, agents, distributors, representatives and/or employees repaired the Cable Stripper.

37.    At all times herein mentioned, GENSCO EQUIPMENT, its servants, agents, distributors, representatives and/or employees placed the Cable Stripper in the chain of commerce.

38.    At all times herein mentioned, GENSCO EQUIPMENT, its servants, agents, distributors, representatives and/or employees tested the Cable Stripper.

39.    At all times herein mentioned, GENSCO EQUIPMENT, its servants, agents, distributors, representatives and/or employees inspected the Cable Stripper.

40.    At all times herein mentioned, GENSCO EQUIPMENT, its servants, agents, distributors, representatives and/or employees marketed the Cable Stripper.

41.    At all times herein mentioned, GENSCO EQUIPMENT, its servants, agents, distributors, representatives and/or employees sold the Cable Stripper to the plaintiff's employer that cause plaintiff to be injured in the State of New York.

42.    At all times herein, GENSCO AMERICA is a foreign corporation, duly organized and existing under the laws of the State of Georgia.

43.     At all times herein, GENSCO AMERICA maintains its principal place of business in the State of Georgia.

44.     At all times herein mentioned GENSCO AMERICA, its servants, agents, distributors, representatives and/or employees transacted business and/or contracted to provide goods and/or services in the State of New York, and this action arises out of such transaction of business within the State of New York.

45.     At all times herein mentioned GENSCO AMERICA, its servants, agents, distributors, representatives and/or employees solicited business in the State of New York.

46.     At all times herein mentioned GENSCO AMERICA derived substantial revenue from goods used or consumed or services rendered in the State of New York.

47.     At all times herein mentioned GENSCO AMERICA, its servants, agents, distributors, representatives and/or employees expected or should reasonably have expected its acts and business activities to have consequences within the State of New York.

48.     At all times herein mentioned GENSCO AMERICA, derived substantial revenue from interstate or international commerce.

49.     At all times herein mentioned, GENSCO AMERICA, its servants, agents, distributors, representatives and/or employees assembled the Cable Stripper.

50.     At all times herein mentioned, GENSCO AMERICA, its servants, agents, distributors, representatives and/or employees distributed the Cable Stripper.

51.     At all times herein mentioned, GENSCO AMERICA, its servants, agents, distributors, representatives and/or employees sold the Cable Stripper.

52.     At all times herein mentioned, GENSCO AMERICA, its servants, agents, distributors, representatives and/or employees repaired the Cable Stripper.

53.    At all times herein mentioned, GENSCO AMERICA, its servants, agents, distributors, representatives and/or employees placed the Cable Stripper in the chain of commerce.

54.    At all times herein mentioned, GENSCO AMERICA, its servants, agents, distributors, representatives and/or employees tested the Cable Stripper.

55.    At all times herein mentioned, GENSCO AMERICA, its servants, agents, distributors, representatives and/or employees inspected the Cable Stripper.

56.    At all times herein mentioned, GENSCO AMERICA, its servants, agents, distributors, representatives and/or employees marketed the Cable Stripper.

57.    At all times herein mentioned, GENSCO AMERICA, its servants, agents, distributors, representatives and/or employees sold the Cable Stripper to the plaintiff's employer that cause plaintiff to be injured in the State of New York.

## PLAINTIFF'S INJURIES

58.    That on the 19th day of March 2020, plaintiff CARLOS BELLO RODRIGUEZ was employed by Plakos Scrap Processing, Inc. (hereinafter "Plakos").

59.    At all times herein mentioned, and on or prior to March 19, 2020, plaintiff CARLOS BELLO RODRIGUEZ's employer, Plakos, purchased the Cable Stripper.

60.    At all times herein mentioned, and on or prior to March 19, 2020, plaintiff CARLOS BELLO RODRIGUEZ's employer Plakos purchased the Cable Stripper from defendant DELTAX.

61.    At all times herein mentioned, and on or prior to March 19, 2020, plaintiff CARLOS BELLO RODRIGUEZ's employer Plakos purchased the Cable Stripper from defendant GENSCO ESQUPMENT.

62.     At all times herein mentioned, and on or prior to March 19, 2020, plaintiff CARLOS BELLO RODRIGUEZ's employer Plakos purchased the Cable Stripper from defendant GENSCO AMERICA.

63.     That on the 19th day of March 2020, plaintiff CARLOS BELLO RODRIGUEZ was injured while operating the Cable Stripper in the course of his employment with Plakos.

64.     That plaintiff CARLOS BELLO RODRIGUEZ's left hand became caught in the Cable Stripper resulting in permanent damage to his left middle finger and hand, including the amputation of his left middle finger and permanent injuries to his hand and forearm.

## FOR A FIRST CAUSE OF ACTION

65.     That the plaintiffs repeat, reiterate and reallege each and every allegation with the same force and effect as though each were more fully set forth at length herein.

66.     That the Cable Stripper is inherently dangerous, defective, hazardous, unsuitable, inappropriate, and unsafe as designed and manufactured.

67.     At all times herein mentioned, defendants, their predecessors, servants, agents, distributors, representatives and/or employees failed to provide the necessary, required and appropriate safeguards, safety equipment, devices and/or apparatus so as to prevent serious injury to persons using and handling the Cable Stripper.

68.     That at all times herein mentioned, defendants, their servants, agents, distributors, representatives and/or employees knew or could and should have known that the Cable Stripper failed to contain the necessary, required and appropriate safeguards, safety equipment, devices and/or apparatus so as to prevent serious injury to persons using and handling same for the purpose provided and intended.

69.     That defendants, their servants, agents, distributors, representatives and/or employees should have designed the Cable Stripper using feasible and safer alternative designs.

70.     That defendants, their servants, agents, distributors, representatives and/or employees designed the machine so it could be operated in an unsafe manner.

71.     That the Cable Stripper was expected to and did reach the usual user without any substantial change in the condition in which it was manufactured and sold.

72.     That on or about March 19, 2020 the Cable Stripper was in a dangerous condition.

73.     That on or about March 19, 2020 the Cable Stripper was inherently dangerous.

74.     That on or about March 19, 2020 the aforementioned defects in the Cable Stripper were a substantial factor in causing plaintiff CARLOS BELLO RODRIGUEZ's injuries.

75.     That on or about March 19, 2020 the Cable Stripper was being used for the purpose and in the manner normally intended and reasonably foreseen.

76.     That plaintiff CARLOS BELLO RODRIGUEZ could not have, by the exercise of reasonable care, discover the defects or perceived their danger.

77.     That by reason of the foregoing, the defendant is strictly liable in tort to the plaintiffs.

78.     That by reason of the foregoing dangerous and defective design of the Cable Stripper, this plaintiff was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and plaintiff will be permanently caused to suffer pain, inconvenience and other effects of such injuries; plaintiff incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries; and plaintiff has suffered and in the future will necessarily suffer additional loss of time

and earnings from employment; and plaintiff will be unable to pursue the usual duties with the same degree of efficiency as prior to this accident, all to plaintiff's great damage.

79.      That the foregoing occurrence and the injuries to plaintiff were caused solely by reason of the carelessness and negligence of the defendant and without any negligence on the part of the plaintiff contributing thereto.

80.      That by reason of the foregoing, the plaintiffs have been damaged in a sum of that exceeds the sum or value of $75,000.00.

## AS AND FOR A SECOND CAUSE OF ACTION

81.      That the plaintiffs repeat, reiterate and reallege each and every allegation as contained in the First Cause of Action, with the same force and effect as though each were more fully set forth at length herein.

82.      At all times herein mentioned, defendants, their servants, agents, distributors, representatives and/or employees had a duty to provide proper safety warnings, notices and/or instructions to warn persons operating the Cable Stripper as to the hazards, dangers and defects of the machine that the defendant knew or should have known of.

83.      At all times herein mentioned, defendants, their servants, agents, distributors, representatives and/or employees failed to provide proper safety warnings, notices and/or instructions to warn persons operating the Cable Stripper as to the hazards, dangers and defects of the machine that the defendant knew or should have known of.

84.      That defendants had knowledge that plaintiff CARLOS BELLO RODRIGUEZ's employer, Plakos purchased the machine, yet defendants failed to warn employer that the machine was unsafe.

85.     That defendants had knowledge that plaintiff CARLOS BELLO RODRIGUEZ's employer, Plakos had purchased the machine, yet defendant filed to warn employer that additional safeguards were necessary to use the machine safely.

86.     That by reason of the foregoing, the plaintiffs have been damaged in a sum of that exceeds the sum or value of $75,000.00.

## AS AND FOR A THIRD CAUSE OF ACTION

87.     That plaintiffs repeat, reiterate and reallege each and every allegation as contained in the First and Second Cause of Action, with the same force and effect as though each were more fully set forth at length herein.

88.     That at all times herein mentioned, the defendants, their servants, agents, distributors, representatives and/or employees expressly and impliedly warranted to all persons whom they could reasonably foresee would be injured by a breach of said warranty and representations, that the Cable Stripper was properly and adequately designed, manufactured, produced, constructed, assembled, protected, safeguarded, tested, inspected, displayed, distributed, delivered and sold and that said machinery and/or equipment was safe, suitable, appropriate and fit for use as intended, and that said machinery and/or equipment was not inherently dangerous and that normal use and operation of said machinery and/or equipment would not result in personal injuries.

89.     That at all times herein mentioned, plaintiff was and is covered by and included in the aforesaid warranties and representations and relied upon same in using said product.

90.     That by reason of the foregoing, the plaintiffs have been damaged in a sum of that exceeds the sum or value of $75,000.00.

**AS AND FOR A FOURTH CAUSE OF ACTION**

91.      That plaintiffs repeat, reiterate and reallege each and every allegation as contained in the First, Second, and Third Causes of Action, with the same force and effect as though each were more fully set forth at length herein.

92.      At all times herein mentioned, defendants, their servants, agents, distributors, representatives and/or employees had the duty to ensure that the Cable Stripper was properly and adequately manufactured, designed, constructed, safeguarded, protected, produced, tested, inspected, distributed, free from any hazards or defects, and safe for the purpose intended.

93.      That the Cable Stripper was carelessly, negligently and defectively designed, manufactured, produced, constructed, adjusted, altered, modified, safeguarded, protected, assembled, tested, inspected, maintained, placed into the chains of commerce, and distributed by the defendant, its servants, agents, distributors, representatives and/or employees.

94.      That by reason of the foregoing, the plaintiffs have been damaged in a sum of that exceeds the sum or value of $75,000.00.

**AS AND FOR A FIFTH CAUSE OF ACTION**

95.      That plaintiffs repeat, reiterate and reallege each and every allegation as contained in the First, Second, Third, and Fourth Causes of Action of the within complaint, with the same force and effect as though each were more fully set forth at length herein.

96.      That at all times hereinafter mentioned, plaintiff RAMONA DEL CARMEN BRICEÑO ZAPATA was and still is the lawful wife of plaintiff CARLOS BELLO RODRIGUEZ, and as such is entitled to the services, society, companionship and consortium of her said husband.

97.      That as a result of the foregoing accident and the resulting injuries to plaintiff, CARLOS BELLO RODRIGUEZ, plaintiff, RAMONA DEL CARMEN BRICEÑO ZAPATA has

been deprived of the services, society, companionship and consortium of her husband and will be deprived into the future.

98.     That by reason of the foregoing, the plaintiffs have been damaged in a sum of that exceeds the sum or value of $75,000.00.

WHEREFORE, plaintiffs demand judgment against the defendant together with the interests, costs, and disbursements in this action in an amount exceeding the jurisdictional limit as to the First, Second, Third, Forth, and Fifth Causes of Action.

## **JURY DEMAND**

Plaintiffs hereby demand a trial by jury on all issues.

Dated: New York, New York
        May 4, 2021

                                           /s/ Alison Cannata Hendele
                                           Alison Cannata Hendele, Esq.
                                           Gregory J. Cannata & Associates, LLP
                                           Attorney for Plaintiff
                                           60 East 42nd Street, Suite 932
                                           New York, New York 10165
                                            (212) 553-9205